IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JOSE JESUS MENDOZA-OSEQUERA                              PETITIONER

V.                    NO: 2:06CV00035 SWW-JFF

LINDA SANDERS, Warden,
FCI-Forrest City                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include

the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On September 19, 1999, Petitioner was convicted of conspiracy to possess with intent to distribute in excess of five grams of cocaine and selling, distributing, or dispensing approximately 492 pounds of cocaine after a jury trial in the United States District Court for Southern District of Texas. Pursuant to a judgment entered on March 9, 2000, Petitioner was sentenced to a total of 360 months' imprisonment. On June 6, 2000, he was committed to the custody of the Federal Bureau of Prisons (BOP) at

the Federal Correctional Institution in Oakdale, Louisiana. On February 8, 2005, he was transferred to the Federal Correctional Complex in Forrest City, Arkansas.

On January 20, 2006, Petitioner filed his § 2241 petition in this Court. He has raised the following grounds for relief:

1. Prison staff are denying him meaningful access to the administrative remedy grievance process in violation of his First Amendment rights to access to the courts and to petition for redress;

2. The BOP has refused to transfer him to a facility within a 500 mile radius of his family in California in violation of Policy Statement 5100 and his constitutional rights; and

3. He has been denied employment in the prison commissary.

Petitioner first contends that prison staff are denying him meaningful access to the administrative remedy grievance process in violation of his First Amendment rights to access to the courts and to petition for redress. In support of this claim, he alleges, *inter alia*, that prison employees have (1) failed to respond to his grievance, which prevents him from exhausting his remedies and therefore blocks him from judicial review of his constitutional claims, (2) failed to respond to his informal resolution attempt, (3) intentionally and deliberately procrastinated in the processing of grievance forms, (4) failed to give him the appropriate grievance forms, and (5) failed to respond to his informal remedy "cop-out."

"[T]he federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the

courts, which is not compromised by the prison's refusal to entertain his grievance." Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (affirming denial of federal prisoner's Bivens-type complaint against the case manager coordinator and the warden of the FMC alleging that they denied the prisoner his right of access to the prison's administrative remedy procedure). See also Buckley v. Barlow, 997 F.2d 494, 495-96 (8th Cir. 1993) (holding that complaint failed to state a claim under § 1983 because no constitutional right was violated by the prison officials' failure to process prisoner's grievances); Shell v. Brzezniak, 365 F. Supp. 2d 362, 370 (W.D.N.Y. 2005) (holding that prisoner's allegation that prison officials violated his first amendment rights by failing to file and process his grievances failed to state a claim under § 1983). Inmates have no constitutional right to access to a prison grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995) (citing Flick, 932 F.2d at 792); Barfield v. United States Department of Justice, 2005 U.S. Dist. LEXIS 3882 at 8-9 (D.D.C. March 8, 2005); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.), cert. denied, 488 U.S. 898 (1988).

In light of the foregoing authority, the Magistrate Judge finds that Petitioner has not been deprived of any constitutional right by the alleged actions of prison staff in denying him meaningful access to the administrative remedy grievance process. Petitioner has not been denied access to the courts.

Petitioner also contends that the BOP has refused to transfer him to a facility within a 500 mile radius of his family in California in violation of Policy Statement 5100 and his constitutional rights. In support of this claim, Petitioner alleges that when he

requested that the unit team transfer him, Unit Manager Tipton stated, "You're a Mexican, and I am not going to reward you with a trip to the west coast." Petitioner alleges that this was discriminatory. Petitioner is challenging the conditions of his confinement, not the fact or duration of his custody. While the function of habeas relief typically "is to obtain release from the duration or fact of present custody," Wajda v. United States of America, 64 F.3d 385, 389 (8th Cir. 1995), the Eighth Circuit has held that a federal prisoner may seek habeas relief to challenge conditions of his confinement, provided that he alleges a "'substantial infringement of a constitutional right.'" Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (quoting Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974)).

A prisoner has no constitutional right to placement in a particular penal institution. Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983); Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 n. 3 (10th Cir. 1992), cert. denied, 510 U.S. 830 (1993). The BOP "has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all." Brown-Bey v. United States, 720 F.2d 467, 470 (1983); Posey v. Dewalt, 86 F. Supp. 2d 565, 571 (E.D. Va. 1999). The BOP Program Statement governing transfers of inmates, Program Statement 5100.07, gives the BOP discretion whether to transfer an inmate to a facility nearer his release residence and provides that an inmate with a "INS Detainer" lodged against him ordinarily will not be transferred for nearer release purposes.[1] Petitioner currently has a detainer lodged against him in favor of the

---

[1] Program Statement 5100.07 provides in pertinent part:

Immigration and Naturalization Service (INS) for possible deportation to Mexico, and the BOP has denied him a nearer release transfer because of the detainer. Because a federal prisoner has no liberty or other constitutionally protected interest in obtaining a transfer to a particular facility, he does not state a claim for habeas relief where he alleges that prison officials, contrary to Program Statement 5100.07, denied him a transfer to a federal prison closer to his home or to his family. See Cruz v. Barada, 2006 U.S. Dist. LEXIS 4362 at 3-4 (E.D. Ky. Feb. 3, 2006). See also Gillan v. Edwards, 1984 U.S. App. LEXIS 13759 at 1-2 (6th Cir. Oct. 15, 1984) (affirming summary dismissal of § 2241 petition where federal prisoner alleged that prison officials violated BOP Program Statement 5100 and the United States Constitution by failing to follow the recommendations of the sentencing judge, who suggested that he be placed at a prison closer to his friends and family); Armendariz-Mata v. Lappin, 2005 U.S. App. LEXIS 27609 at 2 (5th Cir. Dec. 14, 2005) (affirming dismissal of Bivens action for

---

d.   **Routine Transfers.** Routine transfers are submitted to the Regional Designator via Request for Transfer/Application of Management Variable (EMS 409). Redesignation of an inmate should generally result in a move closer to an inmate's release destination, consistent with the inmate's security level. **In order to attempt to place an inmate near his or her release residence, redesignations should be made without regard to regional boundaries. ORDINARILY, THE INMATE MAY BE CONSIDERED FOR A NEARER RELEASE TRANSFER AFTER SERVING 18 MONTHS WITHIN THE FACILITY WITH CLEAR CONDUCT**. . . . Ordinarily, inmates with an Order for Deportation, an Order of Removal, or an INS Detainer will not be transferred for nearer release purposes. This includes inmates with detainers for INS hearings as well. This limitation is intended to ensure that nearer release transfers are ordinarily granted only to those inmates who will be returning to the community within, rather than outside, the United States upon release. . . .

BOP Program Statement, 5100.07, Chapter 10, p 4.

failure to state a claim where prisoner alleged that his due process rights were violated when his request for transfer to a prison facility closer to his family was denied, finding that the prisoner failed to allege the deprivation of a liberty interest because the Due Process Clause does not provide prisoners with a protected liberty interest in being housed in a particular facility); Brown-Bey, 720 F.2d at 470 (if petitioner "wants to be transferred closer to his family and friends, he fails to state a cognizable federal claim"); Rudd v. Boram, 2000 U.S. Dist. LEXIS 9238 at 2 (E.D.N.C. Jan. 28, 2000) (dismissing as frivolous § 2241 petitioner's claim that he was twice denied transfer to a facility closer to his home, finding that the petitioner had "no constitutional right to be placed where he chooses").

In light of the foregoing authority, the Magistrate Judge finds that Petitioner's allegation that the BOP has refused to transfer him to a facility within a 500 mile radius of his family does not implicate Due Process Clause.

Generally, the Equal Protection Clause "requires the government to treat similarly situated people alike." Anderson v. Cass County, Missouri, 367 F.3d 741, 747 (8th Cir. 2004) (quoting Klinger v. Dep't of Corrections, 31 F.3d 727, 731 (8th Cir. 1994)). "[D]ifferent treatment of dissimilarly situated persons does not violate the equal protection clause." Anderson, 367 F.3d at 747-48. The Ninth Circuit has held that the BOP policy excluding inmates against whom an INS detainer is lodged from participating in a community-based treatment program and from sentence reduction eligibility does not violate the Equal Protection Clause, finding that inmates failed to show that the detainer resulted in aliens as a group being differently from other persons

based on their membership in the class of incarcerated aliens, that there was no evidence to support the allegation that the detainer exclusion was motivated by an intent to discriminate against aliens, and that there was a rational basis for the detainer exclusion. McLean v. Crabtree, 173 F.3d 1176, 1185-1186 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000). In Armendariz-Mata v. Lappin, 2005 U.S. App. LEXIS 27609 (5th Cir. Dec. 14 , 2005), a federal prisoner subject to an INS detainer claimed that his equal protection rights were violated when his request for transfer to a prison closer to his family was denied. The Fifth Circuit held that the prisoner failed to state an equal protection claim because "he has not shown, as an alien subject to an INS detainer, that he was similarly situated to prisoners who will remain in the United States following their release." Armendariz-Mata, 2005 U.S. App. LEXIS 27609 at 2.

The Respondent's answer and supporting documents demonstrate that the BOP refused to transfer Petitioner to facility nearer his family, not because he is Mexican, but because of the BOP policy against nearer release transfers for inmates with an INS detainer lodged against them. The nearer release transfer policy gives the BOP discretion to transfer an inmate to a facility nearer his or her release residence in the United States. The BOP, recognizing that there is a possibility that an inmate with an INS detainer lodged against him will not be returning to a community within the United States upon release, has determined that such inmates ordinarily will not be transferred for nearer release purposes. This policy has a rational basis. The Magistrate Judge further finds that Petitioner has not shown that, as an alien subject to an INS detainer, he is similarly situated to prisoners who will remain in the United States following their

release. Armendariz-Mata v. Lappin, 2005 U.S. App. LEXIS 27609 at 2.  In conclusion, Petitioner's right to equal protection has not been violated.

Finally, Petitioner asserts that he has been denied employment in the prison commissary.  This claim, like Petitioner's claim that the BOP has refused to transfer him to a facility near his family, is a challenge to the conditions of his confinement, not the fact or duration of his custody.

"Prisoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to 'due process' protections." Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995) (citing Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)).  "As long as the conditions or degree of confinement to which . . . [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976); James v. Quinlan, 866 F.2d 627, 629 (3rd Cir.), cert. denied, 493 U.S. 870 (1989); Phillips v. Booker, 76 F. Supp. 2d 1183, 1193 (D. Kan. 1999). Incarceration without employment is within the sentence imposed upon Petitioner. Phillips, 76 F. Supp. 2d at 1193. Federal prisoners do not possess a constitutionally protected liberty or property interest in job assignments. James, 866 F.2d at 629-30; Bulger, 65 F.3d at 49-50; Garza v. Miller, 688 F.2d 480, 485-86 (7th Cir. 1982), cert. denied, 459 U.S. 1150 (1983); Phillips, 76 F. Supp. 2d at 1193; Lewis v. United States, 2005 U.S. Dist. LEXIS 22892 at 6 (E.D. Ky. Oct. 6, 2005). See also  Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (a prisoner has "no constitutional right to a particular

prison job"); Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir.) ("Inmates have no constitutional entitlement to tenure in prison jobs."), cert. denied, 469 U.S. 839 (1984).

The Magistrate Judge finds that Petitioner's allegation that he has been denied employment in the prison commissary does not state a constitutional claim.

THEREFORE, the Magistrate Judge recommends that Petitioner's § 2241 petition be dismissed with prejudice.

Dated this 24th day of April, 2006.

          /s/ John F. Forster, Jr.
         UNITED STATES MAGISTRATE JUDGE